**GLADSTONEWEISBERG, ALC**
Gene A. Weisberg, Esq. (SBN 91544)
gweisberg@gladstoneweisberg.com
Caroline van Oosterom, Esq. (SBN 240003)
cvanoosterom@gladstoneweisberg.com
300 Corporate Pointe, Suite 400
Culver City, CA 90230
Tel: (310) 821-9000 • Fax: (310) 943-2764

Attorneys for Plaintiff
California Capital Insurance Company

# IN THE UNITED STATES BANKRUPTCY COUT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

# SANTA ANA DIVISION

| | |
|---|---|
| In re: | CASE NO. 8:23-bk-11167-TA |
| FIVE RIVERS LAND COMPANY, LLC, | Chapter 11 Proceeding |
| Debtor and Debtor-In-Possession. | Adv. Proc Case No. _____ |
| CALIFORNIA CAPITAL INSURANCE COMPANY, | |
| Plaintiff, | |
| vs. | |
| FIVE RIVERS LAND COMPANY, LLC; GOLDEN VALLEY AG, LLC; HARJINDER BRAR; NIRBHEY SINGH BRAR; PINDER KAUR BRAR; and PATRICIA MAGELLON, | |
| Defendants. | |

61036 20241022 CCIC Comp Rescission

1

COMPLAINT FOR RESCISSION OF INSURANCE POLICY

# COMPLAINT FOR RESCISSION OF INSURANCE POLICY

Plaintiff California Capital Insurance Company ("Plaintiff"), by and through its counsel of record, brings this adversary Complaint against Five Rivers Land Company, LLC, a California limited liability company ("Debtor" or "Five Rivers"), Golden Valley AG, LLC, ("Golden Valley"), Harjinder Brar ("Harjinder"), Nirbhey Singh Brar ("Nirbhey"), Pinder Kaur Brar ("Pinder"), and Patricia Magellon ("Magellon") (collectively, "Defendants"), and alleges as follows:

## I. NATURE OF THE COMPLAINT

1. Plaintiff, an insurance company, issued policy number 2-FLP-1-2112938, first effective February 24, 2023, ("the Policy") to Golden Valley. Five River, Harjinder, Nirbhey, Pinder and Magellon also were listed as Named Insureds. All Named Insureds are collectively referred to as "the Insureds".

2. Harjinder signed the application for the Policy on behalf of the Insureds, stating "The undersigned is an authorized representative of the applicant and represents that reasonable inquiry has been made to obtain the answers to questions on this application. He/she represents that the answers are true, correct and complete to the best of his/her knowledge." This representation was not true in that he stated in the application there was no claim or loss history relating to the property. However, Harjinder failed to disclose that on February 12, 2023, there was a fire at one of the properties to be insured. Harjinder also represented that he was authorized to buy the policy on behalf of the insureds but this was not true, as he was not authorized to buy insurance on behalf of Five Rivers. He also failed to disclose that Golden Valley no longer owned the property he sought to insure. He represented on the application that Five Rivers was a California LLC consisting of Harjinder and Ramandip S. Brar ("Ramandip") when, in fact, as of the date of the application, neither Harjinder nor Ramandip were members of the LLC, having

GLADSTONEWEISBERG, ALC

entered into a Membership Interest Purchase Agreement in November 2022 by which their membership interests were sold.

3. Rescission of the Policy is permitted where the Insureds fail to disclose material facts in the insurance application.

4. Plaintiff brings this adversary proceeding seeking an Order rescinding the Policy.

## II. PARTIES

5. Plaintiff California Capital Insurance Company is a California corporation.

6. On information and belief, Defendant Five Rivers Land Company, LLC is a California limited liability company.

7. On information and belief, Defendant Golden Valley AG, LLC is a California limited liability company.

8. On information and belief, Defendant Harjinder Brar is an individual residing in California.

9. On information and belief, Nirbhey Singh Brar is an individual residing in California.

10. On information and belief, Pinder Kaur Brar is an individual residing in California.

11. On information and belief, Patricia Magellon is an individual residing in California.

## III. JURISDICTION AND VENUE

12. This adversary proceeding arises out of and is related to the Debtor's bankruptcy case.

13. This action is brought as an adversary proceeding pursuant to Rule 7001(7) of the Federal Rules of Bankruptcy Procedure.

14. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 157 and 1334(b).

15. This adversary proceeding is a core proceeding under 28 U.S.C. § 157(b).

16. Venue is proper in this District under 28 U.S.C. §§ 1408 and 1409.

## IV.    FACTUAL BACKGROUND

17. On February 12, 2023, a fire took place at 20822 Golden State Blvd, Chowchilla, California. Harjinder reported a fire loss claim to Zenith Insurance Company as a result of that fire. Zenith denied the claim because there was no policy in force insuring that property at the time the fire occurred. The policy that previously was in force had been canceled for non-payment of premium in May 2022.

18. Harjinder then contacted insurance broker Justin Heskett to obtain a new policy. He did not tell Mr. Heskett that a fire had just occurred.

19. On February 24, 2023, Harjinder signed an insurance application on behalf of the Insureds. A true and correct copy of the application is attached hereto as Exhibit 1.

20. The application asked if there had been any prior losses "whether or not insured". Harjinder did not disclose any information about the February 12, 2023, fire on the application.

21. The application states:

> ENTER ALL CLAIMS OR LOSSES (REGARDLESS OF FAULT AND WHETHER OR NOT INSURED) OR OCCURRENCES THAT MAY GIVE RISE TO CLAIMS FOR THE LAST ___ YEARS

22. The application had an "X" next to where it says, next to "Loss History", "Check if none."

23. The application also states:

> THE UNDERSIGNED IS AN AUTHORIZED REPRESENTATIVE OF THE APPLICANT AND REPRESENTS THAT REASONABLE INQUIRY HAS BEEN MADE TO OBTAIN THE ANSWERS TO QUESTION ON THIS APPLICATION. HE/SHE REPRESENTS THAT THE ANSWERS ARE TRUE, CORRECT AND COMPLETE TO THE BEST OF HIS/HER KNOWLEDGE.

24. Based on the information supplied in the application, Plaintiff issued an insurance policy, effective February 24, 2023, with a named insured schedule that included Golden Valley, Harjinder, Nirbhey, Pinder, Magellon and "Five Rivers Land Company, LLC – California LLC Consisting of: Harjinder Singh Brar & Ramandip S. Brar." A true and correct copy of the policy is attached hereto as Exhibit 2.

25. Plaintiff would not have written the policy had it known of the February 12, 2023, fire loss.

26. Harjinder did not have authority to purchase a policy on behalf of Five Rivers when the application was submitted nor when the policy was acquired.

27. Harjinder and Ramandip, who are brothers, were members of Debtor until November 22, 2022, when they entered into a Membership Interest Purchase Agreement by which their 100% membership interests in Five Rivers were transferred to Coast to Coast Packing Group LLC, an LLC that David Nino controlled. Thus, as of November 22, 2022, and thereafter, Harjinder and Ramandip had no ownership interest in Five Rivers.

28. The Membership Purchase Agreement, in Section 4.15, Title to Property; Real Property, states:

(a) The Company [Five Rivers Land Company, LLC] has good and marketable title to the Property (other than assets which are subject of a capital lease obligation) reflected in its balance sheet as of the Balance Sheet Date included in the Financial Statements, other than Property subsequently sold or disposed of in the ordinary course of business, and such Property is free and clear of all Liens, except Permitted Encumbrances.

(b) The Company is not a party to, and has never been a party to, any real property leases. The Company does own real property. The Members (and/or an entity wholly owned and controlled by the Members) own 100% fee simple title to the real property where the Company currently conducts its business (the "Premises").

29. The Balance Sheet that is attached to the Membership Interest Purchase Agreement lists 15 real estate parcels, one of which is the house at 20822 Golden State Boulevard, Chowchilla. It is listed as the Golden State Ranch, Parcel 029-090-009-000 on the balance sheet. The house that burned on February 12, 2022, was part of Golden State Ranch.

30. Golden Valley did not own any of the real property that was involved in the Membership Interest Purchase Agreement.

## V. CAUSE OF ACTION

### COUNT ONE: RESCISSION OF INSURANCE POLICY

31. California Insurance Code § 331 permits rescission of an insurance policy based on the insured's failure to disclose a material fact in the insurance application. Insurance Code § 359 expressly authorizes an insurance policy to be rescinded where "a representation is false in a material point, whether affirmative or promissory …" Such rescission applies to all insureds under the contract unless the contract provides otherwise. Cal. Ins. Code § 650. The insurance policy does not provide otherwise.

GLADSTONEWEISBERG, ALC

32. As a result, Plaintiff is entitled to a judgment from this Court declaring that the policy is rescinded.

### VI. REQUEST FOR RELIEF

33. Wherefore, Plaintiff respectfully requests that the Court enter a judgment in its favor as follows:

    a. That the Policy is rescinded from its inception; and

    b. Any such further relief that the Court deems just and proper.

DATED: November 6, 2024    GLADSTONEWEISBERG, ALC

By: _/s/ Gene A. Weisberg_
GENE A. WEISBERG
CAROLINE VAN OOSTEROM
Attorneys for Plaintiff California
Capital Insurance Company